# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| Xirui Shi <br> Plaintiff(s) <br><br> vs. <br><br> Michael McGeever, in his official capacity; County of Allegheny Dep't of Court Records; Allegheny County Sheriff Office; Kevin M. Kraus, in his official capacity; Churchill Borough; Alexander J. Graziani, in his official capacity; TRI-COG LAND BANK <br> Defendant(s) | CIVIL ACTION NO. 2:23-CV-893 <br> Category #4 <br> B186, Fee Paid <br><br> COMPLAINT <br><br> Jury Trial Demanded <br><br> FILED <br><br> MAY 30 2023 <br><br> CLERK U.S. DISTRICT COURT <br> WEST. DIST. OF PENNSYLVANIA |

## COMPLAINT

Plaintiff Xirui Shi alleges as follows:

### Parties to this Complaint

1. Plaintiff, Xirui Shi (Plaintiff), is a permanent domiciliary of the State of New York.

2. Defendant, County of Allegheny Dep't of Court Records ("DCR"), organized and existing under the laws of the Commonwealth of Pennsylvania, is located on 414 Grant St, Pittsburgh, PA 15219

3. Defendant, Michael McGeever (Mr. McGeever), is the Director of the Department of Court Records and Clerk of the Court of Common Pleas of Allegheny County, resides in Pennsylvania. Office address is at Michael McGeever, Department of Court Records Civil/Family Division, 414 Grant St, Pittsburgh, PA 15219.

4. Defendant, Churchill Borough ("Borough"), is a Municipality organized and existing under the laws of the Commonwealth of Pennsylvania and is situated in the County of Allegheny, Pennsylvania, located at Borough of Churchill, 2300 William Penn Highway, Pittsburgh, PA 15235

5. Defendant, Alexander J. Graziani (Mr. Graziani), is the manager of Churchill Borough and resides in Pennsylvania. Office at Alex Graziani, Borough Manager, Borough of Churchill, 2300 William Penn Highway, Pittsburgh, PA 15235

6. Defendant, Allegheny County Sheriff Office, existing and operating in the County of Allegheny, Pennsylvania. Office located at ALLEGHENY COUNTY SHERIFF'S OFFICE, Sheriff Kevin M. Kraus, 436 Grant Street, Courthouse, 111, Pittsburgh, PA 15219

7. Defendant, Kevin M. Kraus, is the Chief Sheriff of Allegheny County Sheriff and resides in Pennsylvania. Office Located at Sheriff Kevin M. Kraus, 436 Grant Street, Courthouse, 111, Pittsburgh, PA 15219

8. Defendant, TRI-COG LAND BANK, is a organization funded by Turtle Creek Valley Council of Governments and Steel Rivers Council of Governments and operate in County of Allegheny, Pennsylvania. It is located at 1705 MAPLE ST, HOMESTEAD, PA 15120.

## Jurisdiction and Venue

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1341 and 42 U.S.C. § 1983

Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. Plaintiff, Xirui Shi, a permanent domiciliary of the State of New York., and was evicted from previous residence at 3604 Parkview Ave, Pittsburgh, 15213. All other defendants either organized in, or reside in Pennsylvania. Hence, there is complete diversity between the Plaintiffs and defendants. Also, the amount the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff is seeking to set aside the sale by way of this lawsuit, the estimated sales price for this property is $128,100 and the price is keep increasing. Also, the unpaid mortgage owed to Plaintiff exceeds $38,000, the face value of Plaintiff's personal property locked inside the property exceeds $10,000, and compensation for being unable to live in the Property and loss of rental exceeds $28,000. Thus, if Plaintiff prevails in her action for Declaratory and monetary Relief, it is clear from the Complaint that the amount in controversy is in excess of the statutory amount.

Court has subject matter jurisdiction under 28 U.S.C. § 1331.

10. This Civil Action against is also brought pursuant to 42 U.S.C. § 1983 to vindicate Plaintiff's rights pursuant to the First and Fourteenth Amendments to the United States Constitution. Therefore, pursuant to 28 U.S.C. § 1331, the United States District Courts have subject matter jurisdiction over this Civil Action.

Court has subject matter jurisdiction under 28 U.S.C. § 1341.

11. There is no plain, speedy and efficient remedy in the courts of Pennsylvania. After the DCR refused to file Plaintiff's pleading for reasons not as the matter of form, Plaintiff filed Application for Mandamus to the Supreme Court of

Pennsylvania to request the Supreme Court to direct the lower court to accept the pleading. The Supreme Court of Pennsylvania denies plaintiff's Application Mandamus, result in no remedy available for Plaintiff in the courts of Pennsylvania. Therefore, the federal court has, and is the only one that has jurisdiction over Plaintiff's claim.

12. The property and the events which give rise to the claims asserted in this civil action occurred in Allegheny County Pennsylvania. Therefore, pursuant to 28 U.S.C. § 1391(b) (2), the Western District of Pennsylvania's Pittsburgh division is the proper venue for this dispute.

## Facts

13. In March of 2017, Plaintiff provided a mortgage loan to Nan Shi regarding the property located on 308 Edgewood Drive, Turtle Creek, 15145("Property")

14. In October, 2021, entrance and window of Property is been boarded up without notice and without contact information. Plaintiff became aware that it is Churchill Borough that boarded up the property until received Notice to show cause

15. 2023.1.3, Plaintiff went to the Court of Common Pleas of Allegheny County to file Answer and Counterclaim against the Churchill Borough, the clerks refused to file and requested Plaintiff to remove the complaint from the document. Plaintiff also mailed the document to the DCR on Dec 30, 2022 but it was returned with a paper stating the reason for refusal as "You can only file an answer in this case, the complaint need to remove from your document" (see Exhibit A). No hearing regarding Plaintiff's filing has ever been scheduled since

the rejection.

16. 2023.2.23, Property is ordered to be exposed to Public Sale. But Plaintiff never received any notice of order to present for hearing on Feb 23, 2023 from the DCR.

17. 2023.4.27, Plaintiff went to the Allegheny Sheriff's Office to notice that the property cannot be sold due to pending procedure in Court.

18. 2023.4.28, regards the sale of Property, in the document named May-2023 Sale List, printed 04/28/2023 at 2 PM, it is noted that "NEED DISMISSAL OF SUPREME COURT 2 WM 2023 FILED 2/27/2023" (see Exhibit B)

19. 2023.5.1. Allegheny County Sheriff sold the Property without further notice. Plaintiff has no more details about the selling.

20. 2023.5.10, TRI-COG LAND BANK, appears became the new owner. Plaintiff inform the organization about the dispute on March 2, 2023

21. These causes of action follow.

## COUNT I

42 U.S.C. § 1983- First Amendment Violation of Freedom of Speech and Fourteenth Amendment right of due process.

Xirui Shi v. Michael McGeever, in his official capacity as the Director of the County of Allegheny Dep't of Court Records; County of Allegheny Dep't of Court Records

22. All previous paragraphs are incorporated.

23. Director Michael McGeever, clerk of the Court of Common Pleas of Allegheny County, as well as the Director of DCR, is not a judge. Requesting the plaintiff

to remove part of the document is outside scope of duties for a court administrator, and is taken without any jurisdiction. The director and DCR cannot enjoy the quasi-judicial immunity from suit.

24. Not only rejecting to file document for the reason that "You can only file an answer in this case, the complaint need to remove from your document" is not the function of the Director and DCR, it further violate the First Amendment Right of Free Speech and Fourteenth Amendment Right of Due Process.

25. The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed. Because of DCR's rejection and failure to notify Plaintiff about the date of hearing, Plaintiff was unable to proceed within the State Court, defend and make the claim. The Property was sold without the Court of Common Pleas of Allegheny County hearing and deciding Plaintiff's counterclaim, Plaintiff suffered damages and lost one of the most important property in life, a place to live.

## COUNT II

42.S.C. § 1983- Fourteenth Amendment Violation of Due Process Right

Xirui Shi v. Allegheny County Sheriff Office; Kevin M. Kraus, in his official capacity; Churchill Borough; Alexander J. Graziani, in his official capacity

26. All previous paragraphs are incorporated.

27. As Justice Jackson wrote for the Court in Mullane v. Central Hanover Tr. Co., 339 U. S. 306 (1950),"there can be no doubt that, at a minimum, they require that deprivation of life, liberty or property by adjudication be preceded by notice

and opportunity for hearing appropriate to the nature of the case." And as affirmed by the supreme court of U.S. again in case Boddie v. Connecticut, 401 U.S. 371 (1971), Borough boarded up where Plaintiff lived without prior notice and any hearing or legal process, is a clear violation of Fourteenth Amendment right.

28. Until 04/28/2023, the last business day before the sale of the property, the Sheriff still noted in the public information regards the sale of property as "need dismissal" while sold the property the next Monday without notice.

29. The violation leads Plaintiff suffer damages and loss of one of the most important properties in life, a place to live.

## Conclusion and Pray for Relief

Wherefore, the Plaintiff respectfully request judgment in her favor, and

(1) A declaratory judgment finding that the order dated Feb 23, 2023 is unconstitutional and void

(2) Compensatory that exceed $200,000 (not including Plaintiff's personal belonging locked inside the property) and punitive damages be assessed against the Defendants in amounts to be determined by a jury, as well as for economic damages, costs of suit, and interest on judgment, and any other relief deem just.

Respectfully Submitted on May 30th, 2023.

Xirui Shi