IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| XIRUI SHI<br><br>Plaintiff(s)<br><br>vs.<br><br>MICHAEL MCGEEVER, IN HIS OFFICIAL CAPACITY; COUNTY OF ALLEGHENY SHERIFF OFFICE; KEVIN M. KRAUS, IN HIS OFFICIAL CAPACITY; CHURCHILL BOROUGH; ALEXANDER J. GRAZIANI, IN HIS OFFICIAL CAPACITY; TRI-COG LAND BANK<br><br>Defendant(s) | NO: 2:23-CV-893 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRI-COG LAND BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

I.   **INTRODUCTION**

Defendant, Tri-COG Land Bank (hereinafter "Land Bank"), by and through its undersigned counsel, hereby files the following Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

II.   **FACTS RELEVANT TO THE LAND BANK**

As alleged in Paragraph 20 of Plaintiff's Complaint, the Land Bank was the successful purchaser at the May 1, 2023 Sheriff's Sale of the real estate that is the subject of this action, 308 Edgewood Drive, located in Churchill Borough, Allegheny County, Pennsylvania (the

"Property")[1]. The Complaint is devoid of any other allegations regarding the Land Bank. Nor is the Land Bank named as a Defendant in either of Plaintiff's Counts (Count I – 42 U.S.C. § 1983 – First Amendment Violation of Freedom of Speech and Fourteenth Amendment right of due process and Count II - 42 U.S.C. § 1983 – Fourteenth Amendment Violation of Due Process Right). Plaintiff has not, and cannot, state a claim against the Land Bank.

### III.   STANDARDS OF REVIEW

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction is appropriate when the claim is wholly insubstantial and frivolous. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991). A 12(b)(1) motion is a facial attack on the complaint, asserting "there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack "contests the sufficiency of the pleadings." In re Schering-Plough Corp., 678 F.3d 235, 243 (3d Cir. 2012).

When considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). To determine plausibility, the Court must first accept all of the complaint's well-pleaded facts but may disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the Court is unable to infer more than the mere possibility of misconduct the Complaint should be dismissed. Id.

---

[1] A copy of the docket from the state court action is attached hereto as Exhibit "A" and made a part hereof. While generally the four corners of a complaint form the only basis for determining a motion to dismiss, the Court may also consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to a claim, items subject to judicial notice, matters of public record, orders, and items appearing in the case record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256 (3d Cir. 2006). See also, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244,256 n. 5 (3d Cir, 2006) (recognizing that courts may take judicial notice of prior judicial proceedings).

IV.    **ARGUMENT**

    A.    **Plaintiffs' Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.**

In this federal action, Plaintiff is challenging a final non-appealable order of the state court and the resulting Sheriff's Sale of the Property, both of which are governed by the Pennsylvania Municipal Claims and Tax Liens Law, 53 P.S. § 7101 et seq. ("MCTLL"). Plaintiff did not appeal the February 23, 2023 Order of Court permitting the free and clear Sheriff's Sale of the Property ("Final Order"). Instead, Plaintiff filed certain documents with the Pennsylvania Supreme Court unsuccessfully seeking immediate review by that Court of the Final Order. See Exhibit "B" attached hereto and made a part hereof. Plaintiff did not file a Petition to Set Aside the Sheriff's Sale. Instead, Plaintiff filed this action, seeking to set aside the Sheriff's Sale. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff's complaint must be dismissed because this Court lacks subject matter jurisdiction.

        A1.    **Plaintiff's Claims Are Barred by the Tax Injunction Act.**

This Honorable Court is deprived of subject matter jurisdiction by 28 U.S.C. § 1341, which reads as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

See also, Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116 (1981):

> taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete.

The Third Circuit has consistently held that the Pennsylvania state courts afford litigants a "plain, speedy and efficient" remedy to challenge tax collection procedures. Hill v. Carpenter, 323

3

F. App'x 167, 171 (3d Cir. 2009), quoting Gass v. County of Allegheny, 371 F.3d 134 at 137 (3d Cir. 2004). See also, John Baldwin a/k/a Yahya Abdul Latif, et al v. Linebarger Goggan Blair & Sampson, LLP 2012 U.S. Dist. LEXIS 120393 (E.D. Pa. August 24, 2012.

In Baldwin, the plaintiffs attempted to stop a Sheriff's Sale by filing their complaint in federal court. The Eastern District granted the defendant's Rule 12(b)(1) motion to dismiss, explaining that the plaintiffs had several state court remedies available to them, but chose not to avail themselves of those remedies. Id. at *11. For example, they could have filed an answer to the tax petition; filed a motion to stay the Sheriff's Sale; asked the state court to vacate the decree; or filed a motion to set aside or void the sheriff's sale. Id.

Here, Plaintiff had similar remedies available but either failed to pursue such remedies, or did pursue them but lost. For example, the "Answer and Complaint" Plaintiff alleges could not be filed, was in fact docketed by the Allegheny County Department of Court Record on January 18, 2023, and given a January 4, 2023 filing date. See, Exhibit "A." The Court thereafter held a final hearing in the matter, where neither Plaintiff nor the record owner of the Property appeared. The Court entered its Final Order on February 23, 2023. Id. The Property was scheduled for the May 1, 2023 Sheriff's Sale. Id. Plaintiff could have, but did not: (1) file an appeal from the entry of the Final Order; (2) file a Motion to Postpone the Sheriff's Sale; (3) file a Petition to Set Aside the Sheriff's Sale. Plaintiff did seek review of the case by the Pennsylvania Supreme Court, but such filings were procedurally improper and were denied by the Pennsylvania Supreme Court prior to the Sheriff's Sale. See, Exhibit B.

As in Baldwin, Plaintiff's challenges to the Final Order and the resulting Sheriff's Sale could have, and should have, been litigated at the state trial court and, therefore, this Honorable Court cannot exercise jurisdiction over Plaintiff's claims. Id. at *12.

**A2.    Plaintiff's Claims Are Barred by the <u>Rooker-Feldman</u> Doctrine.**

Under the <u>Rooker-Feldman</u> doctrine, federal courts may not reconsider arguments that have already been decided in state court. "The <u>Rooker-Feldman</u> doctrine arises from 28 U.S.C. § 1257 which states in relevant part that 'final judgments or decrees rendered by the highest Court of a state in which a decision could be had, may be reviewed by the Supreme Court. . . .'" <u>See</u>, <u>Walker v. Horn</u>, 385 F.3d 321, 329 (3d Cir. 2004); <u>Valenti v. Mitchell</u>, 962 F.2d 288, 296 (3d Cir. 1992). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state Court decisions." <u>Id</u>. at 329; <u>Desi's Pizza, Inc. v. City of Wilkes Barre</u>, 321 F.3d 411, 419 (3d Cir. 2003)(citations omitted); <u>see also</u> <u>Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept.</u>, 973 F.2d 169, 179 (3d Cir. 1992). The <u>Rooker-Feldman</u> doctrine is to be applied to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005).

In the Third Circuit "there are four requirements that must be met for the <u>Rooker-Feldman</u> doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159,166 (3d Cir. 2010).

In the present case, the Final Order that Plaintiff is challenging was entered on February 23, 2023, following a hearing where Plaintiff did not appear. The Final Order permitted the Sheriff's Sale of the Property free and clear of all taxes, tax claims, liens, claims, municipal claims,

mortgages, ground rents, charges, and estates. No appeal was taken from the Final Order. The Property was sold to the Land Bank at Sheriff's Sale on May 1, 2023. Plaintiff did not file a Petition to Set Aside the Sheriff's Sale. Consequently, the Final Order permitting the Sheriff's Sale of the Property constituted a final judgment of the state court when Plaintiff filed the Complaint in this Court. Plaintiff's Complaint asks this Court to void the Final Order and set aside the Sheriff's Sale. Since this Court is barred from reviewing the final judgment of the state court, Plaintiff's Complaint must be dismissed with prejudice pursuant to the Rooker-Feldman doctrine.

      **B.**    **Plaintiffs' Complaint Should Be Dismissed As To the Land Bank For Failure To State a Claim Upon Which Relief Can Be Granted.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a pleader may raise the defense of failure to state a claim upon which relief can be granted by motion. A complaint must be dismissed when there is no plausible claim for relief and it merely alleges the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Charal Inv. Co. v. Rockefeller, 311 F.3d 198 (3d Cir. 2002).

Plaintiff has failed to state any plausible claim upon which relief can be granted against the Land Bank. Plaintiff's Complaint does not even attempt to allege a cause of action against the Land Bank, which is not named in either Count I or Count II of the Complaint. The only allegation involving the Land Bank is that it acquired the Property at the May 1, 2023 Sheriff's Sale. The conduct complained of in the Complaint, all of which occurred prior to the Sheriff's Sale, has not and cannot be attributed to the Land Bank. As a result, Plaintiff cannot, state a claim against the Land Bank upon which relief can be granted.

## V.    <u>CONCLUSION</u>

Plaintiffs' Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because this Honorable Court lacks subject matter jurisdiction and the Complaint is devoid of any allegations, even when assumed to be true, which would state a colorable cause of action against the Land Bank upon which relief can be granted.

                                                  Respectfully Submitted,

                                                  GRB LAW

Dated: June 26, 2023           By:      ____/s/ Mandi L. Culhane_____
                                                       Mandi L. Culhane, Esquire
                                                       Counsel for Defendant, Tri-COG Land Bank

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Memorandum of Law in Support of Defendant Tri-COG Land Bank's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) has been made by Electronic Notification of Filing to all counsel of record, and via U.S. First Class mail, postage prepaid, on the 26th day of June, 2023, upon the parties, at the following addresses:

| XIRUI SHI<br>147 N. Craig Street<br>Pittsburgh, PA 15213<br>*Plaintiff, Pro Se* | Michael McGeever<br>Director, Department of Court Records<br>414 Grant Street<br>Pittsburgh, PA 15219<br>*Defendant* | County of Allegheny<br>Department of Court Records<br>414 Grant Street<br>Pittsburgh, PA 15219<br>*Defendant* |
| --- | --- | --- |
| Allegheny County Sheriff's Office<br>Allegheny County Courthouse<br>436 Grant Street<br>Pittsburgh, PA 15219<br>*Defendant* | Kevin Kraus<br>Allegheny County Sheriff's Office<br>Allegheny County Courthouse<br>436 Grant Street<br>Pittsburgh, PA 15219<br>*Defendant* | Borough of Churchill<br>2300 William Penn Highway<br>Pittsburgh, PA 15235<br>*Defendant* |
| Alexander J. Graziani<br>Borough of Churchill<br>2300 William Penn Highway<br>Pittsburgh, PA 15235<br>*Defendant* | | |

By:  /s/ Mandi L. Culhane
Counsel for Tri-COG Land Bank