IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIRUI SHI,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL MCGEEVER, COUNTY OF ALLEGHENY DEP'T OF RECORDS, ALLEGHENY COUNTY SHERIFF OFFICE, KEVIN M. KRAUS, CHURCHILL BOROUGH, ALEXANDER J. GRAZIANI, and TRI-COG LAND BANK,<br><br>        Defendants. | 2:23-CV-00893-CCW |

**OPINION AND ORDER**

After the property where she lived was sold at an allegedly unlawful public auction, pro se Plaintiff Xirui Shi filed a Complaint against several Defendants including Churchill Borough, Alexander J. Graziani (CEO of the Borough), and Tri-Cog Land Bank. Before the Court are two motions challenging the Court's subject matter jurisdiction: (1) Tri-Cog's Motion to Dismiss, ECF No. 6; and (2) Churchill Borough's and Mr. Graziani's Motion for Judgment on the Pleadings, ECF No. 15. For the following reasons, the Court will **GRANT** those Motions and **DISMISS** this action **WITHOUT PREJUDICE** for lack of jurisdiction.

**I.    Background**

The property at issue is 308 Edgewood Drive in Turtle Creek, Pennsylvania ("the property"). ECF No. 1 ¶ 13. Ms. Shi alleges that the property was sold to Tri-Cog in April or May of 2023 after state court proceedings where the property was ordered "to be exposed to Public Sale." ECF No. 1 ¶¶ 19–20. In her Complaint in this Court, Ms. Shi alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated her First Amendment free speech and Fourteenth Amendment

due process rights in connection with the sale. ECF No. 1 ¶¶ 22–29. To remedy these alleged violations, Ms. Shi seeks an injunction to set aside the sale,[1] damages, and a declaration that the order exposing the property to public sale is "unconstitutional and void." *Id.* at 7, ¶ 9.

The underlying state court proceedings that Ms. Shi challenges occurred in *Borough of Churchill v. Shi*, No. GD-19-006367 (Ct. Comm. Pleas of Allegheny Cnty). *See* ECF No. 1-2.[2] Churchill Borough initiated that action on April 30, 2019 by filing a Writ of Scire Facias Sur Tax Lien against Ms. Shi and Mr. Nan Shi for unpaid taxes in the amount of $1,113.84. *Shi*, No. GD-19-006367, Doc. 1 ¶ 6. On August 19, 2022, after three years without a response from the Shis, the Court of Common Pleas entered default judgment against them. *Id.*, Doc. 10. Then, on February 23, 2023, the Court ordered the property's public sale. *See* ECF No. 8-1 at 1–2.

According to Ms. Shi, those proceedings and the eventual sale of the property were constitutionally flawed in several respects. First, she alleges that in October of 2021, Churchill Borough boarded up the property without notice. ECF No. 1 ¶ 14. Second, Ms. Shi alleges that she was unlawfully prohibited from filing an answer and counterclaim against Churchill Borough on January 1, 2023. *Id.* ¶ 15.[3] Third, Ms. Shi alleges that the sale was conducted without the appropriate notice because until the last business day before the sale, "the Sheriff still noted in the public information regard[ing] the sale . . . as 'needs dismissal.'" *Id.* ¶ 28.

---

[1] Although Ms. Shi does not request the injunction in her prayer for relief, she mentions in her complaint that she is "seeking to set aside the sale by way of this lawsuit." ECF No. 1 ¶ 9; *see Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005) ("*pro se* pleadings must be liberally construed").

[2] When ruling on a motion to dismiss, the Court is permitted to rely on "authentic document[s] upon which the complaint is based" as well as "matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because Ms. Shi's Complaint relies on these state court proceedings and, additionally, the state court proceedings are matters of public record, it is permissible for the Court to consider them. In addition, a court "may take judicial notice of public records for purposes of ruling on a motion to dismiss filed pursuant to Rule 12(b)(1)." *Hvizdak v. United States*, No. CIV.A. 14-1296, 2015 WL 5098745, at *2 (W.D. Pa. Aug. 31, 2015).

[3] As reflected in the public docket, it appears that Ms. Shi's answer and complaint was, in fact, erroneously rejected, but the Court of Common Pleas issued a corrective entry that accepted this filing on January 18, 2023. *Shi*, No. GD-19-006367, Doc. 18.

Tri-Cog filed its Motion to Dismiss on June 26, 2023, invoking Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 6. After answering the Complaint, ECF No. 12, Churchill Borough and Mr. Graziani filed a similar motion on July 15, 2023, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 15. As relevant here, Tri-Cog, Churchill Borough, and Mr. Graziani all maintain that this Court lacks jurisdiction over the case under the Tax Injunction Act, 28 U.S.C. § 1341. ECF No. 7 at 3–4; ECF No. 16 at 9. With briefing complete, the Motions are now ripe for adjudication. *See* ECF Nos. 7, 14, 16, 31, 32.

## II.     Standard of Review

A defendant may challenge a district court's subject matter jurisdiction in its initial response to the complaint under Federal Rule of Civil Procedure 12(b)(1). A defendant may also challenge subject matter jurisdiction after the close of the pleadings under Federal Rule of Civil Procedure 12(c). *See Washington v. Crum*, No. CV 19-1460, 2022 WL 798372, at *3 (W.D. Pa. Mar. 16, 2022) (Conti, J.). Where the defendant challenges subject matter jurisdiction in a Rule 12(c) motion, the same standard of review applies as would under Rule 12(b)(1). *See Washington*, 2022 WL 798372, at *3 (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).

Rule 12(b)(1) motions fall into one of two categories: "facial attacks" or "factual attacks." *Const. Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack "contests the sufficiency of the pleadings," while a factual attack "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (cleaned up). For a facial attack, the court's review is limited to the allegations in the complaint, viewed in the light most favorable to the plaintiff, and "matters of which the court may take judicial notice." *Paschal v. Univ. of Pittsburgh Sch. of Dental Med.*, No. CIV.A. 10-502, 2010 WL 4854675, at *3 (W.D. Pa. Nov. 22, 2010) (citing *Anspach v. City of Phila.*, 503 F.3d 256, 273 n. 11 (3d Cir. 2007)); *Washington*,

3

2022 WL 798372, at *4.  By contrast, "[i]n reviewing a factual challenge, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, even where disputed material facts exist."  *Washington*, 2022 WL 798372, at *4 (internal quotation marks omitted).  The party that initiated suit has the burden of showing that the court has jurisdiction.  *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

### III.  Discussion

Tri-Cog's, Churchill Borough's, and Mr. Graziani's Motions are best understood as presenting a facial jurisdictional attack because they can be resolved without going beyond the pleadings and underlying state court record, which may be judicially noticed.  *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *Hvizdak*, 2015 WL 5098745, at *2.  Under that framework, Defendants are correct that the Tax Injunction Act prevents this Court from exercising jurisdiction over Ms. Shi's claims.  Accordingly, the Motions will be granted, and the case will be dismissed.

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  The statute "is strictly a jurisdictional provision that withholds from federal courts their power to adjudicate certain controversies which might fall within other congressional grants of jurisdiction." *Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371, 375 (3d Cir. 1978).  Courts have interpreted the Tax Injunction Act "quite broadly" so as "to exclude virtually all challenges to state and local taxation from the federal courts." *Behe v. Chester Cnty. Bd. of Assessment Appeals*, 952 F.2d 66, 68 (3d Cir. 1991) (internal quotation marks omitted).  Thus, although the text expressly addresses injunctive relief, federal courts also lack jurisdiction over claims for damages or declaratory relief that implicate the Act, including claims brought under § 1983 "to redress the allegedly

4

unconstitutional administration of a state tax system." *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 115–16 (1981); *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982); *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 403–04 (3d Cir. 1982).

Here, Ms. Shi's § 1983 claims fall within the ambit of the Tax Injunction Act. In those claims, she alleges that the state tax proceedings leading to the sale of the property violated her First Amendment right to freedom of speech and her Fourteenth Amendment right to due process. And as relief, she seeks an injunction setting aside the sale, a declaratory judgment that the order subjecting the property to public sale was "unconstitutional and void," and corresponding damages. Allowing Ms. Shi to challenge the state's collection of her unpaid property taxes in federal court would thus "enjoin, suspend or restrain" the state's administration of taxes. *See Baldwin v. Linebarger, Goggan, Blair & Sampson, LLP*, No. CIV.A. 12-743, 2012 WL 3638677, at *3 (E.D. Pa. Aug. 24, 2012) (preventing a plaintiff from challenging a sheriff's sale of his property in federal court "[b]ecause the process of a Sheriff's Sale is part of the tax assessment and collection procedure of the City of Philadelphia").

To the extent that Ms. Shi argues that the Tax Injunction Act does not apply because there is no "plain, speedy and efficient remedy" available in state court, 28 U.S.C. § 1341, this Court disagrees. For the Act to apply, the state need only provide "certain minimal *procedural*" protections—its remedy need not "be the best, most convenient, or speediest one." *Gass v. Cnty. of Allegheny, PA.*, 371 F.3d 134, 137 (3d Cir. 2004). Indeed, all that is required is "access to the state courts and an opportunity for meaningful review." *Id.* at 139. And here, the Third Circuit has repeatedly held that Pennsylvania provides a "plain, speedy and efficient" remedy to challenge state collection efforts. *See, e.g.*, *Behe*, 952 F.2d at 69; *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 218 (3d Cir. 1995); *Gass*, 371 F.3d at 138–39. In this case, Ms. Shi could have availed herself of

5

numerous state remedies to challenge the sale of her property, which include taking a direct appeal of the state court action, filing a motion in state court to stay the public auction, or filing a motion to set aside the sale in state court. *See Baldwin*, 2012 WL 3638677, at *3. Therefore, the Tax Injunction Act is applicable here. Because the Tax Injunction Act bars Ms. Shi from bringing this action in federal court, this action will be dismissed for lack of subject matter jurisdiction.

**IV.   Conclusion**

For the foregoing reasons, Tri-Cog Land Bank's Motion to Dismiss, ECF No. 6, and Churchill Borough's and Mr. Graziani's Motion for Judgment on the Pleadings, ECF No. 15, are **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

DATED this 13th day of September, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record and Xirui Shi, pro se